UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-23810-ALTMAN

WALNER PIERRE,

     *Petitioner,*

*v.*

PAM BONDI,

     *Respondent.*

_____/

## ORDER

     Walner Pierre filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his continued detention in the custody of U.S. Immigration and Customs Enforcement ("ICE"). *See* Petition [ECF No. 1]. In short, Pierre says that his detention violates due process because: *one*, he has been ordered removed despite being "stateless" and with "no [c]ountry to list as a [d]omicile [sic]"; *two*, he "was not given a warning" or "reason" for his detention; *three*, he "ha[s] not seen a judge"; and *four*, his "prior offenses" can "no longer" support his deportation. *Id.* at 6 (cleaned up). In response, the Respondent revealed that Pierre "was removed from the United States to Haiti on October 8, 2025," and that this case is therefore moot. Response [ECF No. 12] at 1. Pierre has not replied. *See generally* Docket.

     We agree that this case is moot. As an initial matter, the Respondent attached two documents in support of its claim that Pierre has been deported: *one*, Pierre's final order of removal dated January 12, 2009, in which an immigration judge "ordered [him] removed from the United States to [the] Bahamas or in the alternative to Haiti," Order of Removal [ECF No. 12-1] at 1; and *two*, the Declaration of ICE Supervisory Detention and Deportation Officer Jahmal Ervin, who is "familiar with" Pierre's case and swears that Pierre "was removed from the United States to Haiti" on October

8, 2025, Ervin Decl. [ECF No. 12-2] ¶¶ 3, 5. Our review of public records confirms that Pierre was indeed ordered removed on January 12, 2009, (*see* https://acis.eoir.justice.gov/en/case Information (A-Number: 008-087-876; Nationality: Bahamas)), and that he's no longer in ICE custody, (available at https://locator.ice.gov/odls/#/search (Name: Walner Pierre; Country of Birth: Bahamas; Haiti)).

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). When a petitioner is released during the pendency of his habeas petition, the issue is "whether [the] petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy[.]" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (cleaned up); *see also Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) ("[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." (cleaned up)). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the [petitioner] meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335–36 (11th Cir. 2001). In this case, Pierre has been released from ICE custody and removed from the United States, so "no order from this Court requiring [ICE] to release him into the community . . . could have any effect." *Soliman*, 296 F.3d at 1243. Consequently, "[a]ny opinion regarding [Pierre]'s challenge to his detention . . . 'would be purely advisory,'" which makes this case moot. *Ibid.* (quoting *Al Najjar*, 273 F.3d at 1339).

There are (it's true) two exceptions to the mootness doctrine, which apply when either: (1) "collateral consequences" remain, *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); or (2) the injury is "capable of repetition yet evading review," *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). But Pierre can't satisfy either exception here. *First*, Pierre can't show collateral consequences. The collateral-consequences exception isn't met where there's no longer an "actual injury traceable" to a petitioner's

detention that's "likely to be redressed by a favorable" judicial decision. *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (cleaned up). And that's the case here. No more "disabilities or burdens . . . flow" from Pierre's detention since (as we've said) he's already been *released* from ICE's physical custody and removed from the United States. *Carafas*, 391 U.S. at 237. *Second*, "the narrow exception for cases that are capable of repetition yet evading review does not apply" here either because "there is absolutely no reason to believe that [Pierre] will again be detained . . . under the same circumstances[.]" *Soliman*, 296 F.3d at 1243; *see, e.g.*, *France v. Ripa*, 2025 WL 973532, at *3 (S.D. Fla. Apr. 1, 2025) (Altman, J.) (holding that "the exception for events capable of repetition yet evading review" did not apply where the petitioner was released from ICE custody and "there[ ] [was] no evidence that [he] will ever be held in mandatory detention again" and "his proceedings were apparently terminated" (cleaned up)). We therefore conclude that the Petition is moot and that Pierre cannot satisfy either of the two exceptions to the mootness doctrine.

*     *     *

We therefore **ORDER AND ADJUDGE** that Walner Pierre's Petition [ECF No. 1] is **DISMISSED as moot**. All pending motions are **DENIED as moot** and all deadlines are **TERMINATED**. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in the Southern District of Florida on November 10, 2025.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record
        Walner Pierre, *pro se*